

## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

### ORDER

Appellate case name:        Justin Berard v. The State of Texas

Appellate case number:     01-16-00662-CR

Trial court case number:    1491118

Trial court:                        184th District Court of Harris County

Appellant's court-appointed counsel filed a motion to withdraw as counsel with a brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). However, counsel has not filed a copy of the letter she wrote, or otherwise certified that she has written a letter, in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), "to (1) notify h[er] client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify h[er] client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Cheri Duncan, to send a letter to the appellant in accordance with *Kelly*. 436 S.W.3d at 319–20. We further **order** appellant's appointed counsel to notify us in writing "that [s]he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record." *Id.* at 320.

Although counsel's motion to withdraw states that counsel's appellate brief extension request was then still pending and that there were no other deadlines in this case on February 15, 2017, since then, this Court's Order, issued on February 16, 2017, granted counsel's extension. Also, the Clerk of this Court issued a notice, dated February 15, 2017, informing appellant that his deadline to file a *pro se Anders* brief response or extension request, if any, is March 17, 2017. Because the Clerk of this Court already mailed appellant a form *pro se* motion for access to the appellate record after counsel filed her motion to withdraw and *Anders* brief on February 15, 2017, counsel does not need to send the form motion to her client, but should notify her client as provided above of the *Kelly* notice requirements and appellant's March 17, 2017 deadline.

Counsel shall send the required *Kelly* letter to her client and shall file the required notice with the Clerk of this Court **within 10 days of the date of this order**.

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>
                          ☒  Acting individually

Date:  <u>February 23, 2017</u>